

**United States Department of Justice**

*Mathew L. Harvey*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

May 19, 2026

**FILED**

JUL 1 6 2026

**U.S. DISTRICT COURT-WVND**
**CLARKSBURG, WV 26301**

Adrianna Walter
Federal Public Defender
1125 Chapline Street, Rm 208
Wheeling, WV 26003

In re:  *United States of America v. Brian Richard Pack  1:25CR18*

Dear Ms. Walter:

The United States extends the following offer to your client, Mr. Brian Richard Pack, (hereinafter referred to as "Defendant"). This offer will expire on June 22, 2026 at 5:00 pm unless a written acceptance is received by the United States Attorney's Office before then. All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.      Defendant will plea guilty to the Indictment charging him with one count of Possession of Child Pornography, second offense, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

2.      The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: not more than twenty years imprisonment, not more than $250,000 fine and a term of five years to lifetime of supervised release. The count also has a mandatory minimum sentence of 120 months.

_____
Brian Richard Pack, Defendant

_____
Adrianna Walter.. Counsel for Defendant

_2026-07-16_____
Date

_7-16-26_____
Date

- 1 -

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3.    Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.    A.    Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that you committed, or were directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1996), you have been adequately advised and warned that any admission that you committed, or were directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B.    This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C.    In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5.    At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____    2026-07-16
Brian Richard Pack, Defendant          Date

_____    7-16-26
Adrianna Walter.. Counsel for Defendant    Date

- 2 -

6.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be.  This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.     The United States will make the following **nonbinding** recommendations:

A.     If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

B.     Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and if he complies with all the requirements of this agreement, and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before 5:00pm June 22, 2026, and returns an executed copy to the United States by that day; and

C.     The United States will recommend a sentence of incarceration of 120 months.

8.     If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9.     The parties hereby stipulate and agree that the **base offense level is 18 based on U.S.S.G § 2G2.2(a)(1).**    Further, the parties stipulate and agree that the following **specific offense characteristics would apply: plus 2 levels as the images involved a prepubescent minor pursuant to § 2G2.2(b)(2), plus 4 levels as the images involved sadistic/masochistic images or exploitation or abuse of a toddler pursuant to § 2G2.2(b)(4), plus 2 levels for the involvement or use of a computer pursuant to § 2G2.2(b)(6), and plus 4 levels as at least 300 but fewer than 600 images were involved pursuant to § 2G2.2(b)(7)(C).**

The parties agree that this stipulation is limited to a base offense level determination and does not set forth all of the relevant facts and circumstances of the actual offense conduct and offender

_____
Brian Richard Pack, Defendant

2026-07-16
_____
Date

_____
Adrianna Walter.. Counsel for Defendant

7-16-26
_____
Date

- 3 -

characteristics. The parties retain their right to argue additional facts, circumstances, and offender characteristics for the Court to consider in determining any specific offender characteristics, adjustments, enhancements, or reductions under the United States Sentencing Guidelines.

The parties understand that the Court is not bound by the above stipulation and is not required to accept it. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10.    Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A.    Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B.    The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at

_____  
Brian Richard Pack, Defendant

2026-07-16  
_____  
Date

_____  
Adrianna Walter.. Counsel for Defendant

7-16-26  
_____  
Date

- 4 -

sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.    The defendant agrees that all criminal monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and vice versa and defendant waives any rights defendant may have under the Right to Financial Privacy Act. The defendant also authorizes the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his/her financial condition. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant agrees to cooperate fully in efforts to collect the criminal monetary penalty by any legal means the Government deems appropriate. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimum financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment.

If the defendant is sentenced to a period of incarceration, defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Program, may submit any unpaid criminal monetary penalties to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the Defendant's payment status or history at that time.

The Defendant agrees not to encumber, sell, transfer, hide, waste, devalue, or in any other way dispose of any assets without authorization from the United States or the Court, including any interest held or owned in any other name, including all forms of business entities and trusts.

| | |
|---|---|
| _____ | 2026-07-16 |
| Brian Richard Pack, Defendant | Date |
| _____ | 7-16-26 |
| Adrianna Walter.. Counsel for Defendant | Date |

- 5 -

In order to pay any outstanding criminal monetary penalties, the Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

Defendant agrees to pay all criminal monetary penalties to the fullest extent possible before sentencing. Any payments made before sentencing should be made only after consulting with the United States Attorney's Office Financial Litigation Program. After such consultation, any criminal monetary penalty payment shall be made by certified/cashier check or money order payable to Clerk, U.S. District Court and mailed to Clerk, U.S. District Court, Attn: Fines & Restitution, P.O. Box 1518, Elkins, WV 26241. If the defendant is financially able to pay part or all of the criminal monetary penalty prior to sentencing and fails to do so, then the Office of the United States Attorney shall have the right to withdraw any sentencing recommendations and/or to void this Agreement.

13.    The Defendant understands that he may be required to pay restitution to any or all of the victims related to the count of the Indictment in an amount to be determined by the Court at sentencing, or at a separate hearing on the issue of restitution within ninety (90) days of sentencing, pursuant to 18 U.S.C. §§ 3663 & 3663A. The defendant further understands that he will be required by the Court to pay restitution in the amount of at least $3,000 to any victim associated with any charged count who is identified, and who specifically requests restitution prior to sentencing, and who can show proof of losses. 18 U.S.C. §2259(b)(2)(B) [Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018]. The defendant agrees to pay such restitution to any such victim regardless of whether or not he pleads guilty to the count with which the victim is associated.

14.    Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in the United States Code for the offenses of conviction.

15.    If Defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement

16.    Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

_____          2026-07-1C
Brian Richard Pack, Defendant              Date

_____          7-16-26
Adrianna Walter.. Counsel for Defendant    Date

- 6 -

Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this Agreement and the following specified property, which is property used or intended for use to commit or to promote the commission of the offense of conviction: Apple iPhone, 8 thumb drives, Seagate Hard Drive SN: 52X4NGFA, Intel SSD 510 Series 120 GH Hard Drive SN LNELL1175007H12OCGN, WD 1 TB Hard Drive SN WCC6Y02Y7L28, 1TB Sata Card WD Blue SN 184307A011C4, PNY 4 GB Thumb Drive, Sandisk Ultra USB 32 GB, 8 disks, Hitachi 250 GB Hard Drive PN: 0A74422, Toshiba Hard Drive SN: 9505141FT, Seagate 1TB hard drive SN 6UPCY1HK, 2 DVD Flip cases containing 44 CDs, HP laptop, Bluish SN 5CD045K0X9, HP Silver Laptop, FCDC: TX2-RTL8188EE, Dell Optiplex 7010 with Power Cord, and large black desktop tower with power cord.

Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, Defendant hereby withdraws any claim he may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United Stats to pass clear title to forfeitable assets to the United States, ad to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advised Defendant of the applicable forfeiture at the time the guilty pleas are accepted as required by Rule 11(b)(1)(J).

17. The Defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The Defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

| | |
|---|---|
| Brian Richard Pack, Defendant | 2026-07-16 |
| | Date |
| Adrianna Walter.. Counsel for Defendant | 7-16-26 |
| | Date |

18.    This agreement shall not be modified unless it is in writing and initialed by all parties

19.    The above eighteen (18) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter.  **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

MATTHEW L.HARVEY
United States Attorney

By:    Jennifer T. Conklin
       Assistant United States Attorney

As evidenced by my signature at the bottom of the eight (8) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Brian Richard Pack, Defendant

2020-07-16
Date

Adrianna Walter., Counsel for Defendant

7-16-26
Date

- 8 -